Samuel Lamott **SHORTER,**
Petitioner–Appellant,

v.

**OHIO DEPARTMENT OF REHABIL-
ITATION AND CORRECTIONS,**
Respondent–Appellee.

No. 97–3996.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1998.

Decided June 11, 1999.

Richard J. Marco (argued and briefed), Marco, Marco & Bailey, Medina, Ohio, for Appellant.

---

Stuart W. Harris (argued), Donald G. Keyser (briefed), Office of the Attorney General, Corrections Litigation Section, Columbus, Ohio, for Appellee.

Before: BATCHELDER and MOORE, Circuit Judges, and BECKWITH *, District Judge.

BATCHELDER, Circuit Judge.

Appellant, Samuel Shorter, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. For the reasons that follow, we affirm the judgment of the district court.

Shorter was convicted in state court in Ohio on charges of statutory rape and being a felon in possession of a firearm, and his conviction was affirmed on appeal. In both the trial and appellate proceedings, Shorter was represented by counsel. Shorter did not appeal his conviction to the Ohio Supreme Court. Represented by new counsel, Shorter filed an application pursuant to Ohio Rule of Appellate Procedure 26(B)[1] to reopen his appeal. That application was denied, and his counsel filed a timely notice of appeal to the Ohio Supreme Court. On its own motion, the Ohio Supreme Court ordered that the appeal of the denial of the Rule 26(B) motion be treated as an appeal of right,[2] and set a briefing deadline requiring Shorter's brief

on the merits to be filed no later than July 3, 1995. On July 1, counsel sent the merit brief to the Ohio Supreme Court by United States Postal Service Express Mail; the Postal Service delivered the brief on July 5, 1995. The Ohio Supreme Court dismissed the appeal for failure to file the brief in compliance with the Rules of Practice of the Supreme Court and failure to prosecute with the diligence required by those rules.

Shorter filed this habeas action claiming, among other things, that he had been denied effective assistance of counsel in his appeal of right to the Ohio Court of Appeals. He acknowledged that this claim was procedurally defaulted because the Ohio Supreme Court had dismissed the appeal of his application to reopen that appeal, but claimed that the failure of the United States Postal Service to deliver his merit brief timely to the Ohio Supreme Court constituted cause for the procedural default. The district court held that none of Shorter's grounds for federal habeas relief had any merit and that Shorter had failed to show cause for the procedural default. The court, however, issued a certificate of appealability solely as to "the sub issue of cause as it relates to the petitioner's counsel's reliance upon the United States Postal system to timely deliver the merit brief in the Ohio Supreme

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

1. Ohio Rule of Appellate Procedure 26(B) provides, in pertinent part:

> (B) Application for Reopening.
> (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.

2. Rule II, § 1 of The Rules of Practice of the Supreme Court of Ohio classifies appeals from the Ohio courts of appeals into four types: appeals of right, claimed appeals of right, discretionary appeals and certified conflict cases. Shorter's appeal of the denial of his motion to reopen is not an appeal of right

because it involves neither a case originating in the court of appeals nor a case affirming the death penalty; neither is his appeal a certified conflict case; hence, his appeal would fall into either the claimed appeal of right or discretionary appeal category. See OHIO SUP.CT. R. PRAC. II, § 1(A)(2) & (3). Although the Rules of Practice require that where the appeal is a claimed appeal of right or a discretionary appeal, the notice of appeal must be accompanied by a memorandum in support of jurisdiction, see OHIO SUP CT. R. PRAC. II, § 2(A)(1), the record before us does not reflect that such a memorandum was filed. In any event, under Rule III, § 6, the Supreme Court may either dismiss a claimed appeal of right without permitting a merit brief or allow the appeal and either order the merit brief or render summary disposition, see OHIO SUP.CT R. PRAC. III, § 6(A).

Court with respect to the petitioner's appeal from the Ohio Court of Appeals denial of the petitioner's Rule 26(B) application for a reopening of his appeal based on a claim of ineffective assistance of appellate counsel."

■ Shorter—through the same counsel—contends that the Postal Service's poor service constitutes " 'an objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule.' " *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). The sole issue before us on appeal is whether the district court erred in holding that the failure of the Postal Service timely to deliver the merit brief to the Ohio Supreme Court does not constitute cause for Shorter's procedural default.

As a preface to its painstaking review of the relationship between state procedural defaults and federal habeas review in *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court said: "This is a case about federalism. It concerns the respect that federal courts owe the States and the States' procedural rules when reviewing the claims of state prisoners in federal habeas corpus." *Id.* at 726, 111 S.Ct. 2546. The Court's review of this relationship resulted in its holding:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.... We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that

results from the failure of federal courts to respect them.

*Id.* at 750, 111 S.Ct. 2546. The Court went on to reiterate its holding in *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639 (1986) that:

> "[C]ause" under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him: " . . . some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." . . .
>
> Attorney ignorance or inadvertence is not "cause" because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must "bear the risk of attorney error."

*Id.* at 753, 111 S.Ct. 2546 (citations omitted).

Shorter does not deny that his federal claims in state court were defaulted pursuant to an independent and adequate state procedural rule. Neither does he demonstrate that failure to consider those claims will result in a fundamental miscarriage of justice, *see Carrier,* 477 U.S. at 496, 106 S.Ct. 2639 ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). Rather, acknowledging his burden to show cause and prejudice, Shorter—still through the same counsel—asks us to hold that the failure of the United States Postal Service to deliver his brief to the Ohio Supreme Court on July 3, 1995, despite its assurances to his counsel that it would do so, is an "objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule," *id.* at 488, 106 S.Ct. 2639, and outside of his and his counsel's control. This is so, he contends, because "[t]he very nature of the U.S. Postal Service and the laws that protect it imply that anything properly submitted would be

outside of the defense's control." Having provided documentation to show that it was the lack of diligence of the Postal Service that resulted in the tardy delivery of the brief, Shorter concludes that the procedural default cannot be attributed to him.

Shorter's focus is misplaced. It is immaterial that he—and his counsel—could not control the delivery of the brief once it was submitted to the vagaries of the Postal Service's operations. What Shorter's counsel indisputably *could* control was the decision to entrust the brief to the Postal Service at all, particularly when counsel knew that he was required to file the brief no later than Monday, July 3, 1995, and that he would not be depositing it with the Postal Service until Saturday, July 1. The Supreme Court's order setting the briefing schedule explicitly required Shorter to file his merit brief "on or before July 3, 1995." Rule XIV, § 1(A) and (C) of the Supreme Court Rules of Practice are unambiguous and unequivocal:

> (A) Filing Defined. The filing of memoranda, briefs, pleadings, notices, and other documents with the Supreme Court as required by these rules shall be made by filing with the Clerk of the Supreme Court during the regular business hours of the Clerk's Office. Only submissions filed in accordance with this provision will be considered by the Supreme Court. Filing may be made in person or by mail addressed to the Clerk, *but documents filed by mail shall not be considered filed until received in the Clerk's Office.*

OHIO SUP.CT. R. PRAC. XIV, § 1(A) (prior to 1996 amendment) (emphasis added).

> (C) Prohibition Against Untimely Filings. No pleading, memorandum, brief, or other document may be filed after the filing deadlines imposed by these rules or as extended in accordance with Section 3(B)(2) of this rule. The Clerk shall refuse to file a pleading, memorandum, brief, or other document that is not timely tendered for filing. Motions to waive this rule are prohibited and shall not be filed.

OHIO SUP.CT. R. PRAC. XIV § 1(C) (prior to 1996 amendment).

■ Counsel's efforts to comply with the State's procedural rule were not impeded by some objective factor external to the defense. Counsel's efforts to comply were simply inadequate. "As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules. In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation." *Coleman*, 501 U.S. at 754, 111 S.Ct. 2546.

This case, like *Coleman v. Thompson*, is about federalism and the "important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them." *Id.* at 750, 111 S.Ct. 2546. We cannot improve upon the observation of the district court in the memorandum opinion before us on appeal that:

> Petitioner's counsel in this proceeding has been attempting to achieve either a new trial or a reduction of petitioner's sentence by contending that the petitioner's initial counsel at trial and on direct appeal denied him the effective assistance of counsel. Against that background and with substantial notice that the merit brief was due July 3, 1995, petitioner's [current] counsel elected not to drive the brief to the Ohio Supreme Court from Medina to Columbus, but rather relied upon the U.S. Postal Service. If such reliance constitutes "cause," then arguably, there is no hope for the concept of finality.

The judgment of the district court is AFFIRMED.