James I. MOHN, Petitioner,

v.

Barbara BOCK, Respondent.

Case No. 01–10151–BC.

United States District Court,
E.D. Michigan,
Northern Division.

July 5, 2002.

James Mohn, Kincheloe, MI, pro se.

Brenda E. Turner, Lansing, MI, Janet Van Cleve, Michigan Department of Division, Lansing, MI, for repondent.

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

LAWSON, District Judge.

The petitioner, James I. Mohn, currently in custody at the Straits Correctional Facility in Kincheloe, Michigan pursuant to a state court judgment of conviction, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. His petition contains two grounds for relief, both based on his Sixth Amendment right to the effective assistance of counsel. The Court finds that the petitioner failed to follow applicable procedural rules in presenting these claims at two different levels: he did not raise these issues on his direct appeal in state court, which the state court apparently concluded was the reason he was not entitled to relief on these grounds in his state motion for collateral review; and he did not timely file an application for leave to appeal from this ruling in the state supreme court, which he may no longer do. Because he cannot overcome these procedural defaults with an adequate showing of

prejudice, the Court will dismiss the petition.

## I.

On June 9, 1993, a circuit court jury in St. Joseph County, Michigan found the petitioner guilty of armed robbery, Mich. Comp. Laws § 750.529, unlawful driving away an automobile (UDAA), Mich. Comp. Laws § 750.413, and possession of a firearm while committing a felony (felony firearm), Mich. Comp. Laws § 750.227b. The convictions arose from charges that petitioner and a co-defendant robbed the victim at gunpoint and then took the victim's car. Although the robbers wore masks, the victim testified that he knew the defendants and that he suspected they were the men who had robbed him.

Another witness testified that she also knew the defendants and that she overheard them planning the robbery. On the night of the robbery, she saw the petitioner make a mask and pull it over his head. The petitioner then told her to keep her mouth shut.

The petitioner was arrested while driving the victim's car. He made incriminating admissions during a subsequent interrogation by a police officer. He did not testify or present any witnesses at trial.

Following the jury trial, the petitioner pleaded guilty to a supplemental information charging him with being a habitual offender, Mich. Comp. Laws § 769.10. The trial court then sentenced the petitioner to two years in prison for the felony firearm charge, followed by concurrent terms of twelve to thirty years for the armed robbery and four to seven and one-half years for UDAA.

Thereafter, the petitioner raised the following issues on his direct appeal:

I. Whether the Defendant was denied effective assistance of counsel?

A. Whether defense counsel properly waived the preliminary examination.

B. Whether counsel failed to properly and/or fully investigate the case, including failure to contact defense witnesses suggested by Defendant.

C. Whether counsel was ineffective in failing to provide Defendant with copies of statements made by prosecution witnesses and a police report prior to the trial.

D. Whether a statement of a co-defendant was provided to Defendant prior to trial and whether Defendant realized that this statement could not be utilized at trial.

E. Whether defense counsel acted effectively in filing a motion to dismiss for violation of the "180-day rule" just prior to commencement of trial.

F. Whether counsel acted ineffectively in failing to challenge the filing of the supplemental information.

II. Whether the trial court had jurisdiction over the defendant by virtue of the '180-day' rule described in M.S.A. § 28.969(1).

III. Whether the trial court committed reversible error in allowing the admission of certain testimony during the trial prejudicing the defendant?

IV. Whether the trial court committed an abuse of discretion in imposing sentence upon the defendant?

The Michigan Court of Appeals rejected each of these arguments and affirmed the petitioner's convictions in an unpublished per curiam opinion. See People v. Mohn, No. 168123, 1996 WL 33364177 (Mich.Ct. App. May 24, 1996).

The petitioner raised the same issues in an application for leave to appeal in the Michigan Supreme Court. He also asked

the supreme court to consider whether defense counsel was ineffective for failing to raise an intoxication defense. The supreme court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed...." *People v. Mohn,* 564 N.W.2d 41 (Mich.Sup. Ct.1997).

On November 13, 1997, the petitioner filed a motion for relief from judgment, raising the following issues:

 I. Whether defendant was denied effective assistance of counsel where trial counsel

 A. failed to present a defense of intoxication,

 B. allowed him to plead guilty as a habitual offender, and

 C. failed to convey the prosecutor's offer of a plea agreement;

 II. Whether defendant was denied effective assistance of appellate counsel because appellate counsel failed to raise the issue of effective assistance of trial counsel with the Court of Appeals concerning counsel's failure to offer a defense of intoxication;

 III. Whether the trial court erred in accepting defendant's guilty plea to the supplemental information when it failed to advise defendant that the sentencing guidelines would not apply (except in an advisory capacity) at sentence; and

 IV. Whether Michigan Court Rule 6.508(D) is unconstitutional because its standards are impossible to satisfy.

The trial court denied relief on claims I.B., II, III, and IV, but took claims I.A. and I.C. under advisement pending an answer from the prosecuting attorney or an evidentiary hearing.

Following receipt of the prosecutor's answer to the petitioner's motion, the trial court entered a supplemental opinion in which it denied relief on Claims I.A. and I.C. The petitioner then moved for reconsideration of the ruling on Claim I.C, and the trial court granted the motion and ordered an evidentiary hearing, which was held on February 16, 1999. On March 2, 1999, the trial court denied relief on Claim I.C. after finding no merit to the petitioner's allegation that his attorney failed to inform him of plea offers, and it entered its final order on the petitioner's motion for relief from judgment.

Thereafter, the petitioner sought leave to appeal from the trial court's decision, raising the following arguments in his application filed in the Michigan Court of Appeals:

 I. Mr. Mohn was deprived of his constitutional rights, where trial and appellate counsel rendered ineffective assistance of counsel.

 A. Defense counsel failed to relay a substantial plea offer to Mr. Mohn.

 B. Defense counsel failed to file a motion to exclude or object to the use of Mr. Mohn's illegal statements.

 C. Appellate counsel was ineffective for failing to argue defense counsel made several prejudicial errors at trial.

The court of appeals denied leave to appeal on the ground that the petitioner had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Mohn,* No. 225323 (Mich.Ct.App. Aug. 21, 2000).

The petitioner then made the following arguments in an application for leave to appeal in the Michigan Supreme Court:

 I. Mr. Mohn was deprived of his constitutional rights under the Sixth Amendment because his attorney failed to advise him of a plea agreement.

II. Defense counsel failed to file a motion to exclude or object to the use of Mr. Mohn's illegal statement.

On October 23, 2000, the clerk of the supreme court informed petitioner that his pleading had not been filed and would not be presented to the court because it was filed more than fifty-six days after the lower court's decision; the application was filed one day late.

The petitioner signed and dated his habeas petition on March 28, 2001. His grounds for relief are that his trial attorney failed to (1) convey a plea offer to him and (2) object to the admission of the petitioner's statement to the police. The respondent maintains that the petitioner's claims are barred by his failure to raise them in his appeal of right and by his failure to raise them in the Michigan Supreme Court on collateral review of his convictions.

## II.

### A.

■ Although the petitioner has not fully exhausted his state court remedies for the issues raised in his habeas petition, for reasons more fully explained below, the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c) does not bar review of the claims here because the petitioner no longer has state remedies available to him. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising them in a federal habeas corpus petition. *See id.; O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *Id.* Thus, state prisoners in Michigan must present their claims to the Michigan Court of Appeals and the Michigan Supreme Court before presenting them in a federal habeas corpus petition. *Dombkowski v. Johnson,* 488 F.2d 68, 70 (6th Cir.1973).

■ As noted above, the petitioner's application for leave to appeal the denial of his state collateral challenge was rejected by the clerk of the state supreme court as untimely, and therefore the petitioner has not satisfied the exhaustion requirement by raising his claims at all levels of state court review. He raised an ineffective-assistance-of-counsel claim on direct review of his conviction, but the underlying grounds were different from the ones supporting the habeas claims. Exhaustion of state remedies entails "presenting the legal and factual substance of every claim to all levels of state court review." *Pillette v. Foltz,* 824 F.2d 494, 496 (6th Cir.1987). The mere similarity of the claims on direct review and on collateral review did not satisfy the exhaustion requirement. *See Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); *see also Sampson v. Love,* 782 F.2d 53, 55 (6th Cir.1986) (concluding that, when evidence presented in conjunction with a federal habeas petition places the claim in a significantly different posture than the manner in which it was presented in state court, "the state court must be given an opportunity to consider the claim in that posture").

■ But failure to exhaust bars review only when the state still provides a remedy to exhaust. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). The petitioner no longer has an effective state remedy to exhaust because the deadline for appealing the court of appeals decision to the state supreme court has expired. *See* Mich. Ct. R. 7.302(C)(3) (requiring applications for leave to appeal in the Michigan Supreme Court to be filed within fifty-six days of the decision made by the Michigan Court of Appeals).

The petitioner cannot restart the appellate process by filing another post-conviction motion because the Michigan Court Rules prohibit filing second or successive motions for relief from judgment, *see* Mich. Ct. R. 6.502(G)(1), and he cannot satisfy either of the two exceptions to this rule, namely, a retroactive change in the law or newly discovered evidence. Mich. Ct. R. 6.502(G)(2). Moreover, the trial court has already ruled on the petitioner's first claim and the Michigan Court of Appeals has ruled on both of the petitioner's claims, so refiling these claims in the trial court for the purpose of running the complete state gamut would not be allowed. *See* Mich. Ct. R. 6.508(D)(2) (relief from judgment may not be granted when a post-conviction motion alleges grounds for relief that were decided against defendant in prior motion or appeal unless a retroactive change in the law undermined prior decision).

Thus, the petitioner is barred from pursuing an otherwise available state court remedy, and his claims must be deemed exhausted. *Gray v. Netherland,* 518 U.S. 152, 161, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir.2002) (citing *Coleman v. Thompson,* 501 U.S. 722, 752–53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

### B.

■ The disappearance of state procedural remedies which evaporate with time will not completely excuse a prisoner's failure to avail himself of them, however. The Court may review a prisoner's procedurally defaulted claims on the merits only if he shows cause for not raising his claims at all levels of state court review and prejudice, or that he is actually innocent of the crimes for which he was convicted. *Gray,* 518 U.S. at 162, 116 S.Ct. 2074; *Hannah v. Conley,* 49 F.3d 1193, 1195–96, 1196 n. 3 (6th Cir.1995) (citing *Coleman,* 501 U.S. at 750–51, 111 S.Ct. 2546, and *Murray v.*

*Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

### 1.

■ To establish "cause," a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Carrier,* 477 U.S. at 488. Objective impediments may include an unavailable claim, some interference by officials, and ineffective assistance of counsel. *Id.*

The Michigan Court of Appeals denied leave to appeal on August 21, 2000. The deadline for filing an application for leave to appeal in the Michigan Supreme Court was fifty-six days later, or Tuesday, October 16, 2000. The petitioner's application for leave to appeal was received in the state supreme court on October 17, 2000, Pet., Attach. 4–B, and thus was not accepted for filing. *See* Mich. Ct. R. 7.302(C)(3).

The petitioner alleges that he gave his supreme court application to his unit manager on October 11, 2000. The petitioner apparently chose to send the application by certified mail, which required giving it to his unit manager, who was expected to deliver the document to staff in the mail room. Employees in the mail room apparently prepared the document for mailing and then deposited it in a United States mail receptacle. The petitioner asserts that if his appeal had been delivered to either the mail room or the Postal Service on October 12, 2000, the state supreme court would have received it by October 16, 2000. Pet., Attach. 4–C.

In *Shorter v. Ohio Dep't of Rehabilitation and Corr.,* 180 F.3d 723 (6th Cir. 1999), the Sixth Circuit considered whether late delivery of mail is "cause" for a party's failure to file a timely appellate brief in state court. Defense counsel entrusted Shorter's state appellate brief to

the United States Postal Service on Saturday, July 1, 1995. The attorney anticipated that the brief would arrive in the Ohio Supreme Court on Monday, July 3, 1995, which was the deadline for filing the brief. The Postal Service delivered the brief on Wednesday, July 5, 1995, and the Ohio Supreme Court dismissed Shorter's appeal for lack of prosecution and for failure to file the brief in compliance with court rules. On habeas review, the United States District Court noted that counsel had elected not to hand deliver the brief by driving from Medina to Columbus, but relied instead on the United State Postal Service, concluding that if defense counsel's reliance on the Postal Service constituted "cause" for Shorter's state procedural default, there was no hope for the concept of finality. *Id.* at 726. The Sixth Circuit agreed and affirmed the District Court's judgment after concluding that counsel's efforts were inadequate and not impeded by an objective factor external to the defense. *Id.* The Sixth Circuit found it "immaterial that [Shorter]—and his counsel—could not control the delivery of the brief once it was submitted to the vagaries of the Postal Service's operations." *Id.*

The petitioner in this case, however, did not have the assistance of counsel and, because he was in custody, he did not have the option of personally delivering his appellate application to the supreme court. He signed and dated his application on October 10, 2000, and he allegedly gave it to his unit manager, as required by prison rules, on Thursday, October 11, 2000. From that point forward, the papers were no longer within his control. For that very reason, the Supreme Court has held that a prisoner's notice of appeal is deemed "filed" on the day that it is delivered it to prison officials for forwarding to the court clerk. *See Houston v. Lack,* 487 U.S. 266, 270–76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

The state supreme court apparently does not recognize this practical rule, but that failure does not impact the cause determination by this Court. The Court finds that the delivery of legal mail to prison officials five days before the state court's deadline should have been adequate to insure timely delivery. This Court has recognized that difficulty with mail delivery can constitute cause for the failure to timely file documents in court. *See In re Kriegish,* No. 01–10358, 2002 WL 1377787 (E.D.Mich. June 25, 2002). In this case, the added factor of necessary reliance upon prison officials over whom the prisoner has no control contributes to the conclusion that "some factor external" to the petitioner's diligence caused the delay. The Court concludes, therefore, that the petitioner has shown cause for his failure to file a timely application in the Michigan Supreme Court.

2.

■ Although cause has been shown for his failure to pursue an appeal to the state's highest court, the petitioner has not established that he was prejudiced by the alleged constitutional errors in the state court. Neither of the petitioner's two claims presented in the habeas petition satisfies the prejudice requirement.

The petitioner's first claim is that his trial attorney failed to inform him of the prosecutor's plea offers. At the state evidentiary hearing, however, defense counsel testified that he informed the petitioner of the prosecutor's various plea offers and that the petitioner rejected them. According to defense counsel, the petitioner had said that he wanted a plea offer comparable to the one extended to his co-defendant. Defense counsel supported his testimony with his notes from the case. The petitioner testified that defense counsel did not advise him of the plea offers. He also testified that he had not inquired about a

possible plea bargain, although he had been convicted of four previous felonies as a result of guilty pleas.

■■■ The trial court carefully analyzed the petitioner's claim in a written opinion. The court concluded that defense counsel's testimony was credible and that the petitioner's testimony had not been truthful. These findings of fact would have been binding on the state appellate courts, *Harper v. Harper*, 199 Mich.App. 409, 414, 502 N.W.2d 731, 734 (1993), and they are entitled to a presumption of correctness on habeas review. 28 U.S.C. § 2254(e)(1). The Court concludes that the petitioner's purported ignorance of plea offers lacks merit and that he was not prejudiced by allegedly ineffective assistance of counsel.

The petitioner's second claim is that defense counsel was ineffective because he failed to move to suppress the petitioner's statement to a police officer. The petitioner contends that the officer continued to question him after he exercised his right to remain silent in violation of the rule in *Miranda v. Arizona*, 384 U.S. 436, 473–74, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ("If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease.").

The interrogating officer testified at trial that he advised petitioner of his constitutional rights before questioning him. *See id.* at 478–79, 86 S.Ct. 1602. The petitioner said that he understood his rights, and when the officer asked petitioner whether he wanted to talk to him, petitioner replied, "If you want." Tr. at 92–94. The officer then questioned petitioner about the robbery, and petitioner made certain admissions. Tr. at 95.

The basis for petitioner's habeas claim is his reaction to some of the officer's comments and questions. When the officer asked the petitioner whether he had made a mask out of a pillow case, petitioner paused and then said, "I don't know. I don't know if I should say anything else." The officer replied that he was just trying to obtain the petitioner's version of the events. The officer went on to say that he knew where the petitioner acquired the gun used in the incident. When the petitioner denied possessing a gun, the officer said that everyone knew he had carried the gun. The officer then repeated that the petitioner did not have to talk to him, but that he had heard about the incident from other people and he wanted the petitioner's version. The interrogation continued with the petitioner making some responses, but remaining silent at other times. Pet., Attach. 10–B.

■■■ Police officers are not required to stop an interrogation unless a suspect's request to remain silent is clear and unambiguous. *See Davis v. United States*, 512 U.S. 452, 461, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (holding that "after a knowing and voluntary waiver of the *Miranda* rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney"). The petitioner's comment that he did not know whether he should say anything more was not a clear and unequivocal expression of the desire to remain silent, and the officer did not tell petitioner that he had to talk to him. *See, e.g., McGraw v. Holland*, 257 F.3d 513 (6th Cir.2001) (concluding that prisoner's right to remain silent was violated when a police officer informed the suspect that she had to talk about the crime, although the suspect repeatedly stated that she did not want to talk about it). Therefore, defense counsel's failure to move for suppression of the petitioner's statement to the police did not constitute deficient performance, and the petitioner was not prejudiced by allegedly ineffective assistance of counsel.

### 3.

As noted above, a prisoner may overcome his procedurally defaulted claims, even in the absence of "cause and prejudice," by producing new and reliable evidence of actual innocence. *Lott v. Coyle*, 261 F.3d 594, 620 (6th Cir.2001) (citing *Schlup v. Delo*, 513 U.S. 298, 314–15, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and *Herrera v. Collins*, 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)), *cert. denied*, —— U.S. ——, 122 S.Ct. 1106, 151 L.Ed.2d 1001(2002). The petitioner here has not presented the Court with any new evidence of actual innocence, and he does not profess to be actually innocent. In fact, he testified in state court that he would have pleaded guilty if he had been aware of the prosecutor's offers to plead guilty. The Court concludes that the "actual innocence" exception does not apply here.

### C.

 The habeas claims in this case are procedurally defaulted for another reason. The petitioner did not raise his collateral motion claims in his appeal of right, and it appears that the Michigan Court of Appeals denied leave to appeal on collateral review because of that procedural default. Thus, the petitioner's procedural default appears to constitute an adequate and independent ground for denying him relief. *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir.2000).

The Michigan Court of Appeals was the last state court to render a judgment on the petitioner's claims. It denied the petitioner's application for leave to appeal because the petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *Mohn*, Mich. Ct.

App. No. 225323. Although the court did not specify the subsection of Rule 6.508(D) on which it was relying, the court's judgment presumably was based on Michigan Court Rule 6.508(D)(3).[1] This subsection states that relief from judgment may not be granted when a motion alleges grounds for relief, other than jurisdictional defects, that could have been raised on appeal. An exception may be made for prisoners who show "good cause" and "actual prejudice" or "a significant possibility that they are innocent."

The state court's reliance on Rule 6.508(D) was an adequate and independent state ground on which to base a judgment. *Simpson*, 238 F.3d at 407. The state court's passing reference to Rule 6.508(D) is sufficient for this Court to conclude that the ruling was based on a procedural default. *Burroughs v. Makowski*, 282 F.3d 410, 413–14 (6th Cir.2002); *Simpson*, 238 F.3d at 407. Therefore, the petitioner must show cause and prejudice, or actual innocence, for his state procedural default of not raising his claims during the first round of appeals. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546.

The petitioner has not alleged "cause" for the failure to raise his claims on direct appeal. However, he did allege in state court that his appellate attorney was ineffective on direct appeal for failing to raise claims about trial counsel's ineffectiveness.

 Constitutionally ineffective assistance of counsel is "cause" for a state procedural default. *Carrier*, 477 U.S. at 488, 106 S.Ct. 2639. Nevertheless, the petitioner had no absolute right to compel his attorney to make every nonfrivolous argument on appeal. *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d

---

1. Subsection 6.508(D)(1) did not apply because petitioner was not seeking relief from a judgment that was still subject to challenge on appeal. Subsection 6.508(D)(2) was inapplicable because petitioner was not presenting grounds that were decided against him in the prior appeal.

821 (1985) (citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). Tactical choices about which claims to raise on appeal "are properly left to the sound professional judgment of counsel." *United States v. Perry,* 908 F.2d 56, 59 (6th Cir.1990). "[T]he process of 'winnowing out weaker arguments on appeal' is 'the hallmark of effective appellate advocacy.'" *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir.2002) (quoting *Smith v. Murray,* 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting *Barnes,* 463 U.S. at 751–52, 103 S.Ct. 3308)).

■ Furthermore, an allegation that ineffective assistance of counsel was "cause" for a procedural default requires a habeas petitioner to assert ineffective assistance of counsel as an independent claim in state court. *Carrier,* 477 U.S. at 488–89, 106 S.Ct. 2639. The petitioner raised his claim of ineffective assistance of appellate counsel in an application for leave to appeal in the Michigan Court of Appeals seeking review of the denial of his motion for relief from judgment. He deleted the claim from his application for leave to appeal in the Michigan Supreme Court. Therefore, the petitioner did not exhaust state remedies for his claim of ineffective assistance of appellate counsel.[2]

The petitioner no longer has an available remedy to exhaust for the claim of ineffective assistance of appellate counsel for the reasons noted above: he missed the supreme court's filing deadline, and the Michigan Court Rules foreclose him from filing a second or successive motion for relief from judgment. Thus, the claim of ineffective assistance of appellate counsel is itself procedurally defaulted and cannot serve as cause for the petitioner's procedural default of failing to raise his habeas claims in the appeal of right. *See Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).[3]

The Court need not determine if the petitioner was prejudiced by the alleged violations of federal law because he has not shown cause for his noncompliance with a state procedural rule requiring claims to be raised on direct review. *Smith,* 477 U.S. at 533, 106 S.Ct. 2661. The "actual innocence" exception does not apply here for reasons given above.

## III.

The Court concludes, therefore, that the petitioner's claims are procedurally defaulted for two reasons. First, he failed to raise his claims on direct appeal and this omission presumably was the basis for the last state court's judgment. Second, when the petitioner raised his claims on collateral review, he failed to present them to the Michigan Supreme Court. Although the petitioner has shown cause for the first procedural default, he has not shown it for the second, and he has not established prejudice or that he is actually innocent. Thus, the Court may not reach the substantive merits of the petitioner's two claims. However, the Court observes that a merits analysis of sorts was necessary to evaluate the prejudice component in connection with the first procedural default, noted above.

---

2. The claim would have been unexhausted even if the petitioner's application for leave to appeal in the Michigan Supreme Court had been accepted and filed, because the application did not include a claim of ineffective assistance of appellate counsel.

3. The petitioner has not alleged "cause" for failing to include a claim of ineffective assistance of appellate counsel in his application for leave to appeal in the Michigan Supreme Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice.