**Allen David DANIEL, Petitioner,**

v.

**Greg McQUIGGIN, Respondent.**

**Case No. 08–13177.**

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 21, 2009.

See also 2008 WL 1829525.

---

Allen Daniel, Baraga, MI, pro se.

*OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS PETITION, DENYING PETITIONER'S MOTIONS FOR EXPEDITED CONSIDERATION AND MOTION TO SHOW CAUSE*

DAVID M. LAWSON, District Judge.

The petitioner, Allen David Daniel, presently confined at Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also pending before the Court are the petitioner's motions for an order to show cause, for an immediate hearing, and for expedited consideration. The petitioner was convicted by a jury of home invasion and other offenses in the Macomb County, Michigan circuit court. He alleges that he is incarcerated in violation of his right to a speedy trial; his right to a trial free of misconduct, perjury, and fraud; his right to a fair and impartial jury; his right not to be placed in double jeopardy; and his right to confront witnesses and to present a defense. The respondent has filed an answer to the petition, asserting that the petitioner's claims are procedurally defaulted because the petitioner failed to raise his claims in the Michigan Supreme Court. The Court agrees. Therefore, the petition will be dismissed.

## I.

On January 11, 2006, a Macomb County, Michigan circuit court jury found the petitioner guilty of second-degree home invasion, Mich. Comp. Laws § 750.110a(3), larceny in a building, Mich. Comp. Laws § 750.360, malicious destruction of a building, Mich. Comp. Laws § 750.380(3)(a), malicious destruction of personal property, Mich. Comp. Laws § 750.377a(1)(b)(i), aggravated stalking, Mich. Comp. Laws § 750.411i, and malicious use of service provided by a telecommunications service provider, Mich. Comp. Laws § 750.540e. On February 8, 2006, the trial court sentenced the petitioner to concurrent prison terms of 99 months to fifteen years for home invasion, two to four years for larceny, 180 days for malicious use of a telecommunications service provider; and two to five years for each of the other convictions.

The petitioner raised multiple claims, including those alleged in his habeas petitions, in a appeal to the state court of appeals. The court of appeals affirmed his convictions in an unpublished *per curiam* opinion. *See People v. Daniel,* No. 272073, 2008 WL 1829525 (Mich.Ct.App. Apr. 24, 2008). The petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but the Clerk of the state supreme court rejected his application as untimely on June 23, 2008. *See* aff. of Corbin R. Davis [dkt # 11] at 2.

The petitioner filed the present petition on July 23, 2008. In an effort to better understand the issues, the Court ordered the petitioner to submit a plain and simple statement of his claims. The petitioner then submitted another petition for a writ of habeas corpus, which sets forth the following five claims:

I. The trial court erred in dismissing the entire cause on substantive due process constitutional violations, and violations of the Speedy Trial Act, 180–day rule. U.S. Const. Ams. VI, XIV.

II. The trial court erred in the jury selection ve[n]ire where the prosecution intentionally discriminated against the petitioner and minorities to win at all cost. U.S. Const. Ams. VI, XIV.

III. Trial court erred in dismissing the case based on the people of the state, police, prosecution, judicial misconduct, that includes ext[r]insic fraud upon the Court, obstruction justice, misprison [sic], crimes against justice, subordinations of perjury. U.S. Const. Ams. IV, V, XIV.

IV. The trial court erred in holding an unconstitutional trial where the petitioner was placed in double jeopardy due to the court and prosecution "goad[ing]" the mistrial. U.S. Const. Ams. V, XIV.

V. The trial court erred in denying the petitioner his federal constitutional rights to present a defense, and to confrontation of his accusers John Doe's I, John Doe II, and the petitioner was "entrapped due to outrageous government conduct." U.S. Const. AMS IV, V, VI, XIV §§ 1, 2, 3, 4, 5.

Am. Pet. for Habeas Corpus at 3–4.

On April 6, 2009, the respondent filed an answer to the petition urging the Court to deny relief. The petitioner subsequently filed a motion for order to show cause and a motion for an immediate hearing on April 17, 2009, and a motion for an extension of time on May 21, 2009. His "show cause" motion attempts to show "manifest injustice" and a "radical jurisdictional de-

fect" that renders the state court's judgment null and void.

## II.

■■■ The respondent argues in his answer to the habeas petition that the petitioner's claims may not be reviewed on their merits in this Court because of a "procedural default." A procedural default is "a critical failure to comply with state procedural law." *Trest v. Cain,* 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997). It will bar consideration of the merits of a federal claim if the state rule is actually enforced and is an adequate and independent ground for the state court's decision. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Monzo v. Edwards,* 281 F.3d 568, 576 (6th Cir.2002). "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground[ ] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir.1996). Federal habeas courts may not grant relief on a state prisoner's procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546; *see also Anderson v. Jackson,* 567 F.Supp.2d 973, 978 (E.D.Mich.2008).

■■■ The procedural lapse cited by the respondent is the petitioner's failure take his appeal to the state supreme court. Technically, that failure suggests a failure to exhaust state remedies. State prisoners must exhaust available state remedies for their claims before a federal court may

grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *McMeans v. Brigano,* 228 F.3d 674, 680–81 (6th Cir.2000); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review to a state supreme court. *O'Sullivan,* 526 U.S. at 845, 119 S.Ct. 1728. A prisoner " 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1516 (6th Cir.1993); *see also Prather v. Rees,* 822 F.2d 1418, 1420 (6th Cir.1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock,* 208 F.Supp.2d 796, 800 (E.D.Mich. 2002); *see also Baldwin,* 541 U.S. at 29, 124 S.Ct. 1347. The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust,* 17 F.3d at 160.

▮ The petitioner raised his claims in the Michigan Court of Appeals, which held that his claims of an improper jury venire and denial of his right to present a defense were not preserved for appellate review. The state court of appeals also held that the petitioner's claims of fraudulent conduct and fabricated evidence did not entitle him to appellate relief, his perjury claims were erroneous or meritless, the record did not support his claims of prosecutor misconduct, he was not denied his right to a speedy trial, he abandoned his double jeopardy argument, and his jurisdictional and Confrontation Clause arguments lacked merit because he failed to show that his rights were violated and he did not support his arguments with any authority.

The petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but the state supreme court rejected his application as untimely. Because the petitioner did not file a timely application in the Michigan Supreme Court, he failed to fairly present his claims to both state appellate courts. The Michigan Court Rules provide a process through which a criminal defendant may raise unexhausted claims by filing a motion for relief from judgment. *See* Mich. Ct. R., Subchapter 6.500. However, the petitioner may not proceed under those rules in this case because the Michigan Court of Appeals has already decided these identical issues against him. *See* Mich. Ct. Rule 6.508(D)(2) (prohibiting state courts from granting a motion for relief from judgment when defendant alleges grounds for relief that were decided against him in a prior appeal). Consequently, the petitioner has no way to exhaust his state claims.

The exhaustion doctrine will not bar a review of the merits of the petitioner's claims in this Court. The exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) and (c) do not bar review here because the petitioner no longer has state remedies available to him. *Rust,* 17 F.3d at 160 (holding that failure to exhaust bars review only when the state still provides a remedy to exhaust). "The disappearance of state procedural remedies which evaporate with time will not completely excuse a

prisoner's failure to avail himself of them, however." *Mohn*, 208 F.Supp.2d at 801 (citing *Gray v. Netherland*, 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996), and *Hannah v. Conley*, 49 F.3d 1193, 1195–96, 1196 n. 3 (6th Cir.1995)). Instead, the petitioner must deal with his failure to adhere to the state procedures, and that default now becomes the bar the petitioner must overcome. As the Sixth Circuit explained:

> In situations in which a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted. *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006).

*Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir.2009); *accord Gray*, 518 U.S. at 161, 116 S.Ct. 2074 (explaining that the exhaustion requirement is satisfied if the habeas petitioner's claims are procedurally barred under state law because he no longer has an available remedy to exhaust); *Rust*, 17 F.3d at 160 (explaining that when "no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts").

■ To overcome a procedural default, a habeas petitioner must show "cause" for his default and "prejudice" as a result of the alleged constitutional error, or demonstrate that the Court's failure to consider the substantive merits of his claims will result in a fundamental miscarriage carriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. The petitioner attempts to establish "cause" for his failure to file a timely application in the Michigan Supreme Court by alleging that he was denied access to the courts because prison officials confiscated his legal materials.

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A showing that some interference by officials made compliance with a state procedural rule impracticable would constitute cause under this standard. *Ibid.*

■ Exhibits to the habeas petition demonstrate that the petitioner's grievances against state officials for denying him access to the courts predated the decision of the Michigan Court of Appeals on direct review of the petitioner's convictions. Furthermore, the petitioner managed to file a previous petition for habeas corpus in federal court—challenging the same convictions—on May 19, 2008. *See Daniel v. McQuiggin*, No. 08–12188, 2008 WL 2242538 (E.D.Mich. May 19, 2008). He filed that petition after the Michigan Court of Appeals affirmed his convictions, but before the deadline expired for filing an application for leave to appeal in the Michigan Supreme Court. The petitioner has failed to show that prison officials interfered with his right of access to the courts, such that he was unable to file a timely application for leave to appeal in the Michigan Supreme Court. Therefore, the petitioner has not shown "cause" for his procedural error.

The Court need not determine whether the petitioner was prejudiced by the alleged constitutional errors because he has not shown "cause" for his procedural default. *Willis v. Smith*, 351 F.3d 741, 746 (6th Cir.2003) (citing *Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir.2000)).

██ The narrow exception for a fundamental miscarriage of justice is reserved for the extraordinary case in which the alleged constitutional errors probably resulted in the conviction of one who is actually innocent of the underlying offenses. *Dretke v. Haley*, 541 U.S. 386, 388, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004); *Carrier*, 477 U.S. at 496, 106 S.Ct. 2639; *Rust*, 17 F.3d at 162. "To be credible, ... a claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). "[T]he *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). The petitioner has not presented any new evidence in support of a claim of actual innocence. The miscarriage-of-justice exception will not excuse the petitioner's procedural default.

### III.

The petitioner's habeas claims are procedurally defaulted, and the petitioner has not established "cause and prejudice" to excuse his state procedural default nor has he presented evidence tending to show that a fundamental miscarriage of justice would result from the failure to consider the merits of his claims.

Accordingly, it is **ORDERED** that the petitions for a writ of habeas corpus [dkt. # 1 and # 5] are **DENIED**.

It is further **ORDERED** that the petitioner's motions for an immediate hearing [dkt. # 15] and for expedited consideration [dkt. # 21] are **DENIED** as moot.

It is further **ORDERED** that the petitioner's motion for an order to show cause regarding a jurisdictional defect in the state court judgment [dkt. # 14] is **DENIED** as moot and because the "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976).