RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0387P (6th Cir.)
File Name: 00a0387p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

STEWART BARNES,
    *Petitioner-Appellant,*

    *v.*

FRANK ELO,
    *Respondent-Appellee.*

No. 99-1784

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 97-60150—George C. Steeh, District Judge.

Argued: October 24, 2000

Decided and Filed: November 9, 2000

Before: MARTIN, Chief Judge; NORRIS, Circuit Judge;
FORESTER, District Judge.*

———————————

**COUNSEL**

**ARGUED:** Kenneth P. Tableman, Lansing, Michigan, for Appellant. Vincent J. Leone, ASSISTANT ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:**

———————————

    *The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Kenneth P. Tableman, Lansing, Michigan, for Appellant.
Vincent J. Leone, ASSISTANT ATTORNEY GENERAL,
Lansing, Michigan, for Appellee.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Chief Judge.  Stewart Barnes, a
state prisoner, appeals the district court's denial of his petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on
the grounds that he received ineffective assistance of counsel
in violation of the Sixth Amendment.  For the following
reasons, we vacate the ruling of the district court and remand
for a hearing on the competence of Barnes's trial counsel.

I.

Barnes was convicted on the eyewitness testimony of the
then twelve-year old complainant.  The complainant testified
that after going to bed around 3:30 a.m. on July 29, 1990, she
was awakened by an unidentified man kissing the side of her
face.  After a struggle, the suspect ran down the stairs and out
of the house.  The complainant's mother also testified to
seeing a man running down the stairs and out the door.
Although both the complainant and her mother ran after the
suspect, they were unable to catch him.  The initial report
given by the complainant did not state that the suspect had a
limp, but on a later occasion the complainant told an officer
that her assailant had a limp.

At the bench trial, the parties stipulated that Barnes suffers
from post-polio syndrome and wears a brace on his leg.  This
was the only medical evidence presented at trial.  Barnes's
trial counsel filed an alibi notice, but no alibi witness testified
at trial.  Barnes was convicted of breaking and entering with
intent to commit criminal sexual conduct, assault with intent
to commit second degree criminal sexual conduct, and
felonious assault.  He was sentenced to concurrent terms of
six to fifteen years on the breaking and entering, three to five

years on the assault with intent to commit second degree criminal sexual conduct, and two and a half to four years on the felonious assault.

After his conviction, Barnes made a timely motion to remand for an evidentiary hearing, known in Michigan as a *Ginther* hearing[1], claiming ineffective assistance of trial counsel for failure to call medical witnesses to testify to Barnes's inability to run and failure to call two alibi witnesses. Although the record is not entirely clear, it appears that Barnes did submit supporting medical reports by Dr. William Waring, Barnes's treating physician. On September 7, 1993, two weeks after the due date, Barnes's appellate counsel filed a supplement to the motion to remand consisting of an affidavit from Dr. Waring which stated that he had not been contacted by Barnes's trial counsel, that he would have been available to testify, and that he would have testified that Barnes was physically unable to run down the stairs and out the door as the complainant testified her assailant had done. The Michigan Court of Appeals denied the order to remand "for failure to persuade the court of the necessity of a remand at this time," *People v. Barnes*, No. 153885 (Mich. Ct. App. Sept. 28, 1993), and the Michigan Supreme Court denied leave to appeal this order. *People v. Barnes*, No. 97871 (Mich. Mar. 29, 1994). It is unclear whether either court considered Dr. Waring's affidavit in denying Barnes an evidentiary hearing.

The Michigan Court of Appeals denied Barnes's direct appeal of his conviction, stating that despite the fact that a *Ginther* hearing was not held, Barnes was not denied effective assistance of counsel at trial. *People v. Barnes*, No. 153885 (Mich. Ct. App. Mar. 2, 1995). The court continued that while Barnes "was given the opportunity to file an affidavit [to support his motion to remand]. . . [he] failed to avail himself of this opportunity" and therefore "there is no evidence properly before this [c]ourt to affirmatively support

---

[1] *People v. Ginther*, 390 Mich. 436 (1973).

defendant's claim that he is incapable of running." Barnes filed a timely motion for a rehearing, stating in part that Dr. Waring's affidavit was filed as a supplement to the motion to remand, but rehearing was denied by the Michigan Court of Appeals and the Michigan Supreme Court.

On June 9, 1999 the district court denied Barnes's petition for a writ of habeas corpus. Agreeing that trial counsel was not ineffective, the district court merely noted that Dr. Waring's affidavit arrived after the deadline and stated that "[t]here is no indication . . . that the court of appeals did not consider Dr. Waring's affidavit when ruling on [Barnes's] appeal." The district court continued that because the court of appeals had the affidavit when it denied the motion for rehearing, "the court of appeal's [sic] ruling was not a [sic] unreasonable application of clearly established federal law."

## II.

## A.

Because ineffective assistance of counsel is a mixed question of law and fact, the state court's determination that Barnes received effective assistance of counsel is reviewed de novo. *See Sims v. Livesay*, 970 F.2d 1575, 1579 (6th Cir. 1992). District court findings of fact are reviewed for clear error. *See Carter v. Sowders*, 5 F.3d 975, 978 (6th Cir. 1993).

Federal habeas review of the state court's decision is governed by the standards set forth in the Antiterrorism & Effective Death Penalty Act of 1996. The Act applies to this case because Barnes filed his habeas corpus petition after the effective date of the Act. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Section 2254(d) of the Act provides, in relevant part, that a federal court shall not grant a petition for a writ of habeas corpus unless the state court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This section applies to mixed

questions of law and fact. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

*Williams v. Taylor* clarified that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). The inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 1521. Additionally, we may only look to decisions of the Supreme Court of the United States when determining "clearly established federal law." *Williams v. Taylor*, 120 S.Ct. at 1523; *Harris v. Stoval*, 212 F.3d 940, 944 (6th Cir. 2000) (noting that "it was error for the district court to rely on authority other than that of the Supreme Court of the United States in its analysis under section 2254(d)").

The standards for determining claims of ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), are clearly established federal law. *See Williams v. Taylor*, 120 S.Ct. at 1512. *Strickland* requires a defendant to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense such that the defendant was denied a fair trial. *Strickland*, 466 U.S. at 687. Scrutiny must be highly deferential, and we must indulge the presumption that trial counsel provided reasonable professional assistance. *Id* at 689.

## B.

Barnes argues that he was denied effective assistance of counsel by his trial attorney's failure to investigate or call a medical witness to establish Barnes's inability to run in the manner that the complainant testified her assailant had run. It is unclear from the record whether or to what extent trial counsel investigated Barnes's medical condition, and why he failed to contact Dr. Waring. Absent an evidentiary hearing and clear finding of fact, it is impossible to determine whether trial counsel's failure to investigate and call Dr. Waring was