Scott M. SMITH, Petitioner,

v.

State of OHIO, DEPARTMENT OF REHABILITATION AND CORRECTION, Respondent.

No. 1:02 CV 690.

United States District Court, N.D. Ohio, Eastern Division.

Aug. 26, 2004.

---

607

Scott M. Smith, Pro Se, USP Terre Haute, Terra Haute, IN, for Plaintiff.

Stuart A. Cole, Office of the Attorney General, State of Ohio, Corrections Litigation Section, Columbus, OH, for Defendant.

*MEMORANDUM OF OPINION AND ORDER MODIFYING THE REPORT AND RECOMMENDATION AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS*

WELLS, District Judge.

Before this Court is Scott M. Smith's petition for a writ of habeas corpus filed 15 April 2002, pursuant 28 U.S.C. § 2254. (Docket # 1). The case was referred to United States Magistrate Judge Patricia A. Hemann for a Report and Recommendation ("R & R"). (Docket # 28). Magistrate Judge Hemann considered the petition, return of writ (Docket # 14), and traverse (Docket # 25). On 7 August 2003, Magistrate Judge Hemann filed her R & R, recommending that the petition be dismissed. (Docket # 30). Petitioner then filed his objections to the R & R, a correction to his traverse, and supplemental authority. (Docket # 33, # 34, # 35, and # 36).

Though this Court differs with the Magistrate Judge's finding that Mr. Smith's petition was untimely, it nonetheless denies Mr. Smith's petition for a writ of habeas corpus on other grounds as set forth below.

## I. *Background*

In considering the Magistrate Judge's recommendation to dismiss the petition as untimely, this Court must review a somewhat complicated procedural history. On 28 April 1999, the Lorain County Grand Jury indicted Mr. Smith on five counts.[1] A jury found Mr. Smith guilty on all five counts, and Mr. Smith was sentenced on 27 May 1999.[2] Because all sentences were ordered to be served consecutively to a federal sentence which Mr. Smith was cur-

---

1. These five counts include one count of engaging in a pattern of corrupt activity in violation of Ohio Rev.Code § 2923.32(A)(1), with a firearm specification (Count 1), one count of conspiracy to commit aggravated robbery in violation of Ohio Rev.Code §§ 2923.01(A)(1) and 2911.01(A)(1) (Count 2), one count of carrying a concealed weapon in violation of Ohio Rev.Code § 2923.12(A), with a firearm specification (Count 3), one count of receiving stolen property in violation of Ohio Rev.Code § 2913.51(A), with a firearm specification (Count 4), and one count of possession of criminal tools in violation of Ohio Rev.Code § 2923.24(A), with a firearm specification (Count 5).

2. Smith was sentenced on Count 1 to five years' imprisonment, plus a three year consecutive term for the firearm specification; on Count 2 to four years' imprisonment, plus a one year consecutive term for the firearm specification, to be served consecutively to the sentences for Count 1; on Count 3 to 18 months' imprisonment, to be served concurrently to the sentences for Count 2; on Count

rently serving, Mr. Smith will serve 13 years' imprisonment in state custody after he is released from federal custody.

Mr. Smith filed a timely appeal to the Ohio Ninth District Court of Appeals, seeking a review of his conviction. On 28 June 2000, the Ohio Court of Appeals affirmed the judgment of the trial court. Mr. Smith did not, however, file a timely appeal to the Ohio Supreme Court. When Mr. Smith's appeal was denied by the appellate court, he had until 14 August 2000 to appeal that decision to the Ohio Supreme Court. 2(A) and R. XIV § 3(A).[3] On 5 March 2001, Mr. Smith filed a *pro se* motion for a delayed appeal to the Ohio Supreme Court. The Ohio Supreme Court denied Mr. Smith's motion on 11 April 2001.

In addition to filing a delayed appeal to the Ohio Supreme Court, Mr. Smith also filed, on 13 February 2001, a *pro se* delayed application to reopen his appeal pursuant to Ohio App. R. 26(B) ("26(B) application").[4] On 17 May 2001, the Court of Appeals denied Mr. Smith's delayed 26(B) application, holding that it was untimely and that Mr. Smith had not set forth good cause for the delay. On 16 June 2001, Mr. Smith timely appealed the Court of Appeals' denial of his 26(B) application to the Ohio Supreme Court. The Ohio Supreme Court, on 26 September 2001, dismissed Mr. Smith's appeal as not involving any substantial constitutional question.

Mr. Smith filed a *pro se* petition for a federal writ of habeas corpus on 15 April 2002, in which he asserts four grounds for relief:

**Ground 1:** The judgment of several convictions were unconstitutional, based on Double Jeopardy.

**Ground 2:** The trial court erred when it overruled petitioner's motion for acquittal pursuant to Ohio Criminal Rule 29 ("insufficiency of evidence").

**Ground 3:** The appellate court erred in the denial of petitioner's motion for delayed application to reopen pursuant to Ohio Rule of Appellate Procedure 26(B).

**Ground 4:** The Supreme Court of Ohio abused its discretion in its denial of petitioner's motion for delayed appeal.

## II. *Law & Analysis*

### A. Federal Habeas Corpus Law

Federal habeas corpus law permits federal courts to entertain petitions on behalf of a person "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This Court's consideration of the merits of Mr. Smith's petition is governed primarily by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'" *Woodford,* 538 U.S. at 206, 123 S.Ct. 1398 (*citing Williams v. Taylor,* 529

4 to twelve months' imprisonment, plus a one year consecutive term for the firearm specification, to be served concurrently with the sentences for Counts 2 and 3; and on Count 5 to 18 months' imprisonment, plus a one year consecutive term for the firearm specification, to be served concurrently with the sentences for Counts 2, 3, and 4.

3. Because the 45th day for filing a notice of appeal with the Ohio Supreme Court, as pre-

scribed by R. II § 2(A) fell on a Saturday, Mr. Smith had an additional two days, until Monday, 14 August 2000 to file his notice of appeal. *See* Ohio S.Ct. R. XIV § 3(A).

4. Rule 26(B)(1) of the Ohio Rules of Appellate Procedure provides that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel."

U.S. 362, 436, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). In advancing such goals, Section 2254(d) places new constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 529 U.S. at 412, 120 S.Ct. 1495. Section 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This legal standard establishes a multifaceted analysis involving a consideration of both the state court's statement or application of federal law and its finding of facts.

 With respect to Section 2254(d)(1), "clearly established federal law" refers to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams*, 529 U.S. at 412, 120 S.Ct. 1495; *Barnes v. Elo*, 231 F.3d 1025, 1028 (6th Cir.2000).[5] The "contrary to" and "unreasonable application" clauses of the Section 2254(d)(1) are independent tests and must be analyzed separately. *Williams*, 529 U.S. at 412–13, 120 S.Ct.

1495; *Hill v. Hofbauer*, 337 F.3d 706, 711 (6th Cir.2003). A state court decision is "contrary to" federal law only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412–13, 120 S.Ct. 1495.

 Even if the state court identifies the "correct governing legal principle," a federal habeas court may still grant the petition if the state court makes an "unreasonable application" of "that principle to the facts of the particular state prisoner's case." *Id.* at 413, 120 S.Ct. 1495. A state court decision also involves an unreasonable application if it unreasonably extends a legal principle from United States Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Id.* at 407, 120 S.Ct. 1495; *Hill*, 337 F.3d at 711. In order for a state court's application of clearly established federal law to be unreasonable, the state court's decision must be more than incorrect or erroneous, it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Williams*, 529 U.S. at 411, 120 S.Ct. 1495; *see also Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir.2000).

As to the "unreasonable determination of the facts" clause in Section 2254(d)(2), the United States Supreme Court recently had the opportunity to apply the "fact" of Section 2254(d)(2) in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471

---

**5.** Although only Supreme Court case law is relevant under AEDPA in examining what federal law is "clearly established," Courts of Appeals' decisions "may be informative to the extent [they] have already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Hill*, 337 F.3d at 716.

(2003). In that case, the Court noted that a "clear factual error" such as making factual findings regarding the contents of social service records contrary to "clear and convincing evidence" presented by the defendant constitutes an "unreasonable determination of the facts in light of the evidence presented." *Id.* at 2539.

## B. Prerequisites to Section 2254 Habeas Relief

 Federal habeas petitioners face several threshold hurdles in their pursuit of relief under Section 2254. Specifically, they must exhaust their state remedies and satisfy or be excused from the one-year statute of limitations. *See* 28 U.S.C. §§ 2244(d)(1) and 2254(b) and (c). Moreover, under certain conditions, petitioners may procedurally default their grounds for relief. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). Also, alleged errors involving a state court's interpretation of its own procedural rules are not cognizable in federal habeas corpus review. *Simpson v. Jones,* 238 F.3d 399, 406–407 (6th Cir. 2000).

In this case, the State concedes that Mr. Smith has exhausted available state court remedies but argues that his petition is time-barred, that Mr. Smith has procedurally defaulted his first, second, and third grounds for relief, and that Mr. Smith's third and fourth grounds for relief are not cognizable in federal habeas corpus review. Thus, before reaching the merits of Mr. Smith's petition, this Court must first consider the State's statute of limitations, procedural default, and failure to state a cognizable claim arguments.

### 1. *Statute of Limitations*

 As the Magistrate Judge concluded that Mr. Smith's petition was time-barred, the Court begins its analysis with a consideration of that issue. The statute of limitations set forth in Section 2244(d)(1) is an affirmative defense, not a jurisdictional prerequisite. *Scott v. Collins,* 286 F.3d 923, 927 (6th Cir.2002). The party asserting the statute as a defense bears the burden of demonstrating that the statute has run. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002).

### a. *Applicable Law*

 Under federal law, habeas corpus petitions must be filed within a one-year limitations period established by 28 U.S.C. § 2244(d). That section provides, in pertinent part:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1). Direct review of a conviction includes review by the United States Supreme Court. *Bell v. Maryland,* 378 U.S. 226, 232, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964). Therefore, the one-year statute of limitations does not begin to run until the 90–day time period for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000). Section 2244(d)(2) also provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count toward the statute of limitations period.

 The mechanics of the habeas statute of limitations' provisions have been further refined by the Sixth Circuit as it has characterized state proceedings as either direct or collateral review and has

determined the impact of these proceedings on the limitations period set out in Section 2244(d). Of particular relevance to this case, the Sixth Circuit has considered the effect of both a delayed appeal and a delayed Rule 26(B) application on the statute of limitations. A delayed appeal to the Ohio Supreme Court is not part of a petitioner's direct appeal but instead is considered post-conviction or collateral relief which tolls the statute of limitations only for as long as the delayed appeal is before the Court. *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir.2001). Rule 26(B) applications, on the other hand, are part of the direct appeal process. *Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir.2000). The impact of a delayed Rule 26(B) application on the statute of limitations is unclear and will be discussed in more detail below.

### b. *Magistrate Judge's R & R*

In recommending the dismissal of Mr. Smith's petition, Magistrate Judge Hemann found the statute of limitations issue to be dispositive. She identified 12 August 2000, the deadline for Mr. Smith to file a timely appeal of his conviction with the Ohio Supreme Court, as the date triggering the start of the limitations period. She then noted that the statutory period ran for 184 days, until Smith filed his delayed Rule 26(B) application on 13 February 2001. The Magistrate Judge found that the statute of limitations was tolled from 13 February 2001 to 26 September 2001, during the pendency of Smith's delayed 26(B) application.[6] She next determined that the statute of limitations began to run

again on 27 September 2001, the day after Smith's Rule 26(B) application was dismissed by the Ohio Supreme Court. At that point, because the statute of limitations had already run for 184 days, the Magistrate Judge concluded that Smith had only 181 days remaining to file his petition, making the deadline 26 March 2002. Because Smith did not file his petition until 15 April 2002, 20 days after the 26 March deadline, the Magistrate Judge concluded that his petition was barred by the statute of limitations.

### c. *Petitioner's Objections*

Petitioner Smith does not object to the Magistrate Judge's "portrait of the case," but he does object to her conclusion that his petition was time-barred. He agrees that the statute of limitations began to run 12 August 2000, that it ran for 184 days before he filed his delayed 26(B) application, and that the limitations period was tolled during the pendency of his application before the Ohio courts. However, he contends that the Magistrate Judge erred in finding that the statute of limitations began running again on 27 September 2001, the day after his 26(B) application was dismissed by the Ohio Supreme Court. He argues instead that the statute of limitations was actually tolled until 24 December 2001. Because a Rule 26(B) application is considered part of the direct appeal process, Smith contends that the statute of limitations should continue to be tolled until after the expiration of the 90 day period during which he could have

---

**6.** The Magistrate Judge also noted that Smith's delayed appeal had no effect on the running of the statutory period because during its pendency with the Ohio Supreme Court, the statute of limitations was already being tolled by Smith's pending 26(B) application. Smith's delayed 26(B) application was filed 13 February 2001 and finally dismissed by the Ohio Supreme Court on 26

September 2001. His delayed appeal was filed 5 March 2001 and dismissed by the Ohio Supreme Court on 11 April 2001. Therefore, the time period during which the Ohio Supreme Court considered his delayed appeal was totally encompassed by the time period during which his 26(B) application was pending.

sought certiorari review with the United States Supreme Court. In this case, the Ohio Supreme Court dismissed his Rule 26(B) application on 26 September 2001. Because Smith then had 90 days to file a petition for a writ of certiorari with the United States Supreme Court, Smith argues that the statute of limitations did not begin to run again until 24 December 2001, giving him until 21 June 2002 to file his petition. Thus, he contends that his petition was timely filed.

### d. Legal Analysis

■■■ Under Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* the portion of the Magistrate Judge's report and recommendation to which specific objection was made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The key issue raised by Smith's objections to the R & R relates to the impact of a delayed Rule 26(B) motion on AEDPA's statute of limitations. Specifically, his objection presents three key questions which this Court examines in turn:

1) is a delayed Rule 26(B) application a part of the direct appeal process;

2) does the statute of limitations beginning running with the Ohio Supreme Court's denial of the Rule 26(B) application or ninety days later, after the deadline for filing a petition for certiorari with the United States Supreme Court; and

3) does a delayed Rule 26(B) application delay the start of the statute of limitations under Section 2244(1)(a) or merely toll the statute of limitations while it is pending under Section 2244(d)(2)?

In resolving these questions, the Court examines the Sixth Circuit's extensive jurisprudence on this topic.

### i. A delayed Rule 26(B) application is part of the direct review process.

In *White v. Schotten,* the Sixth Circuit concluded that a delayed Rule 26(B) application is a part of the direct review process. 201 F.3d 743, 752–53 (6th Cir.2000). While the Sixth Circuit, in *Isham v. Randle,* 226 F.3d 691 (6th Cir.2000), treated such applications as collateral attacks, subsequent Sixth Circuit decisions adhered to *White*'s "express holding that Rule 26(B) applications to reopen direct appeal are part of the direct appeal process." *Bronaugh v. Ohio,* 235 F.3d 280 (6th Cir.2000) (dealing with a delayed Rule 26(B) application); *Miller v. Collins,* 305 F.3d 491, 494 (6th Cir.2002); *Griffin v. Rogers,* 308 F.3d 647, 655 (6th Cir.2002). Accordingly, it is well-settled that Rule 26(B) applications, whether delayed or not, are a part of the direct review process and subject to Section 2244(d)(1)(A).

### ii. The statute of limitations period is tolled during the 90–day period for seeking certiorari after the denial of a Rule 26(B) application.

■■■ As noted above, direct review of a conviction includes review by the United States Supreme Court. *Bell v. Maryland,* 378 U.S. 226, 232, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964). However, the relationship of this general principle to Rule 26(B) applications is still evolving in the Sixth Circuit. Initially, when not squarely presented with this question, the Sixth Circuit assumed, without deciding, that "section 2244(d)(1)(A) cannot toll the statute of limitations for an additional ninety days in which to file a petition for a writ of certiorari in the United States Supreme Court following the Ohio Supreme Court's denial of [a] Rule 26(B) application." *Miller,* 305 F.3d at 495. In *Griffin v. Rogers,* the Sixth Circuit apparently discarded that assumption. 308 F.3d 647 (6th Cir.2002).

While *Griffin* involved the thirty-day time period as established by *Palmer v. Carlton*, 276 F.3d 777 (6th Cir.2002) for a petitioner to return to federal court after exhausting state remedies, the Sixth Circuit addressed the issue of tolling in the context of Rule 26(B) applications. *Id.* at 651–56. Noting that Rule 26(B) applications are part of Ohio's direct appeal process and that Section 2244(d)(1) provides that time for seeking direct review includes the 90–day period for filing a writ of certiorari to the United States Supreme Court, the Sixth Circuit explained that tolling during that 90–day period was appropriate. While *Griffin* addressed tolling in a different context, its principle, that the statute of limitations for filing a federal habeas petition is tolled for an additional ninety days following the Ohio Supreme Court's dismissal of a Rule 26(B) application, is readily applicable here and directly contrary to the assumption made in *Bronaugh* and *Miller.*

This conclusion is bolstered by the Sixth Circuit's *en banc* opinion in *Abela v. Martin*, 348 F.3d 164 (6th Cir.2003). Departing from the majority of its sister circuits, the Sixth Circuit held that:

> under section 2244(d)(2) the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.

348 F.3d at 172–73. In reaching this conclusion, the Sixth Circuit emphasized that a "statute of limitations should be clear" and should avoid forcing petitioners from making unnecessary tactical decisions in order to preserve their rights. *Abela*, 348

F.3d at 172. Since the Sixth Circuit held that tolling for the 90–day period for seeking certiorari was appropriate in collateral proceedings, the same conclusion seems reasonable in the context of a direct review proceeding. In a recent unpublished opinion, the Sixth Circuit specifically concluded that the statute of limitations does not run during the 90–day period for seeking certiorari after the denial of a delayed Rule 26(B) application. *Lambert v. Warden, Ross Correctional*, 81 Fed. Appx. 1, 9–10 (6th Cir. Sept.2, 2003).[7] In light of *White, Griffin, Abela,* and *Lambert,* this Court concludes that the statute of limitations is tolled during the 90–day period of time during which an individual can file a petition for certiorari in the United States Supreme Court seeking review of the denial of a delayed Rule 26(B) application. It is this conclusion which ultimately leads the Court to differ with the Magistrate Judge's finding that Mr. Smith's petition is time-barred.

iii. A delayed Rule 26(B) application *may* delay the start of the statute of limitations under Section 2244(1)(a).

Based on its resolution of the first two questions, the Court need not determine whether a delayed Rule 26(B) application delays the start of the statute of limitations under Section 2244(1)(a) or merely tolls the statute of limitations while it is pending under Section 2244(d)(2). It is worth noting, however, that the answer to this question is in a state of flux. *Compare Bronaugh*, 235 F.3d at 286 (finding that a delayed Rule 26(B) application only tolls the statute of limitations during its pendency before the court) *with White*, 201 F.3d at 752–53 (concluding a delayed Rule 26(B) application is to be treated as a

**7.** Because the Rule 26(B) application was filed 104 days after the appellate court judgment, *Lambert,* like *Bronaugh* and this case, involved a delayed Rule 26(B) application. *Lambert,* 81 Fed. Appx. at 2.

part of the direct review process) and *Lambert,* 81 Fed. Appx. at 10 (concluding that "the period during which the [delayed] 26(B) application was pending did not toll the AEDPA statute of limitations [rather] the limitations period begins to run anew at the conclusion of the 26(B) process").[8]

e. *Application of Legal Analysis to Mr. Smith's Petition*

Having determined that delayed Rule 26(B) applications are part of the direct review process and that AEDPA's statute of limitation is, at the very least, tolled during the 90–day period for seeking certiorari with the United States Supreme Court after the denial of such an application, the Court now applies these rules to the circumstances of Mr. Smith's case.

Assuming, contrary to *Lambert* but in keeping with *Bronaugh,* that the delayed Rule 26(B) application did not restart the limitations period, Mr. Smith's one-year limitation period for filing a federal habeas corpus petition began to run on 15 August 2000, once the period for filing a timely appeal with the Ohio Supreme Court had expired.[9] After running for 182 days, the statute of limitations was then tolled when Mr. Smith's Rule 26(B) application was filed on 13 February 2001 until 26 December 2001, the expiration of the time period for seeking certiorari with the United States Supreme Court of the Ohio Supreme Court's dismissal of Smith's Rule 26(B) petition.[10] Since 182 days of the limitation period had already run, Smith had until 27 June 2002 (183 days after 27 December 2001) to file a timely petition.[11] Because Smith filed his petition on 15 April 2002, his petition for a writ of habeas corpus was timely filed. Accordingly, the Court agrees with Mr. Smith's objection to the Magistrate Judge's R & R and finds that his petition was not time-barred.

2. *Procedural Default*

The State argues that Mr. Smith procedurally defaulted his first (double jeopardy) and second (insufficiency of evidence) grounds for relief by failing to file a timely appeal to the Ohio Supreme Court. Smith attempted to file a delayed appeal to the Ohio Supreme Court, but was denied leave to file an appeal. (Record at 0099).[12] The State likewise contends that Mr. Smith procedurally defaulted his third ground for relief (Ohio Court of Appeals erred in de-

**8.** Appellee Warden, Ross Correctional's petition for an en banc hearing in *Lambert* was denied on 29 December 2003.

**9.** Because this Court concluded that the time for filing an appeal with the Ohio Supreme Court expired on 14 August 2000, unlike The Magistrate Judge who used 12 August 2000 as the conclusion of that period, the Court differs slightly with her starting date of the statute of limitations and with her calculations for this initial period of time.

**10.** While the 90 day time period for seeking certiorari technically ended on 25 December 2001, United States Supreme Court Rules provide that when the last day of the period falls on a federal legal holiday the time period for seeking certiorari shall be extended until the "end of the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the Court building is closed." U.S. S.Ct. R. 30(1).

**11.** Unlike the Magistrate Judge, this Court concludes that the statute of limitations' period is tolled during the 90 day period for seeking certiorari review in the United States Supreme Court of a denial of a delayed Rule 26(B) application. Thus, while the Magistrate Judge recommended restarting the statute of limitations on 27 September 2001 (R & R at 6), this Court finds that the statute of limitations did not begin to run again until 27 December 2001.

**12.** This citation, as with subsequent citations, refer to the particular page in the State Court Record.

nying Rule 26(B) application) by failing to file a timely Rule 26(B) application.

### a. *General Applicable Law*

In general, a federal court may not consider "contentions of general law which are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). If a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In *Maupin v. Smith,* 785 F.2d 135 (6th Cir. 1986), the Sixth Circuit outlined the analysis to be followed when a state argues that a habeas claim is defaulted because of a prisoner's failure to observe a state procedural rule:

> First, the federal court must determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with that rule. Second, the federal court must determine whether the state courts actually enforced the state procedural sanction—that is, whether the state courts actually based their decisions on the procedural rule. Third, the federal court must decide whether the state procedural rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim.

*Williams v. Coyle,* 260 F.3d 684, 693 (6th Cir.2001). To be independent, a state procedural rule and the state courts' reliance on it "must rely in no part on federal law." *Fautenberry v. Mitchell,* 2001 WL 1763438, at \*24 (S.D.Ohio 2001) (citing *Coleman,* 501 U.S. at 732–733, 111 S.Ct. 2546). To be adequate, a state procedural rule must be "firmly established and regularly followed" by the state courts at the time it was applied. *Monzo v. Edwards,* 281 F.3d 568, 578 (6th Cir.2002).

In determining whether the *Maupin* factors are met, the federal court looks to the last explained state court judgment. *Ylst v. Nunnemaker,* 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). If the last reasoned opinion on a claim explicitly imposed a procedural default, there is a presumption, which can be rebutted with strong evidence to the contrary, "that a later decision rejecting the claim did not silently disregard the bar and consider the merits." *Id.* at 803, 111 S.Ct. 2590. "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review." *Id.* at 801, 111 S.Ct. 2590.

If the three *Maupin* factors are met, the claim is procedurally defaulted. The federal court can excuse the default and consider the claim on the merits only if the petitioner demonstrates that (1) there was cause for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal review. *Maupin,* 785 F.2d at 138; *Hutchison v. Bell,* 303 F.3d 720, 735 (6th Cir. 2002); *Combs,* 205 F.3d 269, 274–275 (6th Cir.2000).

A petitioner can establish cause in two ways. First, a petitioner may "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106

S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Mohn v. Bock*, 208 F.Supp.2d 796, 801 (E.D.Mich. 2002). Objective impediments include that the factual or legal basis for a claim was not reasonably available to counsel or that interference by officials made compliance impracticable. *Murray*, 477 U.S. at 488, 106 S.Ct. 2639; *Mohn*, 208 F.Supp.2d at 801. Second, constitutionally ineffective assistance of counsel constitutes cause. *Murray*, 477 U.S. at 488–489, 106 S.Ct. 2639; *Mohn*, 208 F.Supp.2d at 801, 804; *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. Le-Cureux*, 58 F.3d 214, 219 (6th Cir.1995) (*quoting United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir.2000).

b. *First and Second Grounds for Relief*

In his first ground for relief, Mr. Smith argues that his state conviction was unconstitutional, based on the double jeopardy clause, because he was also convicted in federal court. (Docket #1, at 5, and #25, at 11). In his second ground for relief, Mr. Smith contends that the trial court erred in denying his motion for acquittal, arguing that his conviction for engaging in a pattern of corrupt activity rests on insufficient evidence. (Docket #1, at 5, and #25, at 11). While Mr. Smith raised these claims in his direct appeal to the Ohio Court of Appeals, these claims were rejected by the Ohio Court of Appeals and he failed to file a timely appeal with the Ohio Supreme Court. Ulti-

mately, he was denied leave to file a delayed appeal.

In failing to file a timely appeal with the Ohio Supreme Court, Mr. Smith procedurally defaulted both of these claims. The requirement of filing a timely appeal is an applicable procedural rule which Mr. Smith failed to follow. Ohio S.Ct. R. II § 2(A)(1)(a) (a party has 45 days from the entry of judgment to file a notice of appeal). The Ohio Supreme Court actually applied this procedural sanction when it denied Mr. Smith leave to file a delayed appeal. In addition, it is well-established that the denial of an appeal as untimely is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. *Coleman*, 501 U.S. at 740, 111 S.Ct. 2546; *see also Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.2004). Accordingly, all three *Maupin* factors are met and Mr. Smith's first two grounds are procedurally defaulted.

For cause, petitioner argues that his appellate counsel failed to give him timely notification of the Ohio Court of Appeals' decision. While the Ohio Court of Appeals rendered its decision on 28 June 2000, Mr. Smith contends, in a sworn affidavit, that he did not receive notification of this decision from his counsel until on or near 11 August 2000. (Docket #1, Ex. A to Motion for Delayed Appeal, and #25, at 11). While there is some evidence indicating that his attorney initially attempted to mail him the Judgment Entry on 1 July 2000 (Docket #1, Ex. C to Motion for Delayed Appeal), this Court finds that Mr. Smith did not receive notice of the appellate court's judgment until approximately 11 August 2000.

While framed as a failure to receive notice of the judgment, the crux of Mr. Smith's argument is that his procedural default should be excused because of the

ineffectiveness of his appellate counsel in failing to provide him timely notice of the Ohio Court of Appeals' judgment. Constitutionally ineffective assistance of counsel may constitute cause to excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir.1999). However, attorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel. *Coleman*, 501 U.S. at 751–53, 111 S.Ct. 2546. In *Coleman*, the United States Supreme Court concluded that an attorney error which led to the late filing of a state habeas appeal cannot be constitutionally ineffective because individuals are not entitled to counsel in state post-conviction proceedings. *Id.* at 752–53, 111 S.Ct. 2546.

As in post-conviction proceedings, Mr. Smith had no constitutional right to counsel on his discretionary appeal to the Ohio Supreme Court. *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (defendant is entitled to effective assistance of counsel only on his first appeal of right); *see also Ross v. Moffitt*, 417 U.S. 600, 609–10, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Because Mr. Smith has no constitutional right to counsel on his discretionary appeal to the Ohio

Supreme Court, an attorney error, such as arguably committed by Mr. Smith's appellate attorney, cannot be constitutionally ineffective so as to excuse the procedural default.[13] *See Barkley v. Konteh*, 240 F.Supp.2d 708, 713–14 (N.D.Ohio 2002) (concluding that attorney's failure to notify a defendant of a Ohio Court of Appeals' decision, thereby preventing him from filing a timely appeal, cannot amount to constitutionally ineffective assistance of counsel); *but cf. Paris v. Turner*, 187 F.3d 637, 1999 WL 357815 at *2–3 (6th Cir. 1999) (unpublished) (concluding that attorney's failure to notify a defendant of a Ohio Court of Appeals' decision, thereby preventing from filing a timely Rule 26(B) application, constitutes constitutionally ineffective counsel serving as cause to excuse the procedural default).[14]

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, —— U.S. ——, 124 S.Ct. 1847, —— L.Ed.2d —— (2004) (*citing Carrier*, 477 U.S. at 495–96, 106 S.Ct. 2639); *see also Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130

---

13. Because the Court finds that Mr. Smith's alleged ineffective assistance of appellate counsel argument cannot constitute cause to excuse his procedural default, it does not address the question of whether the ineffective assistance claim was itself defaulted. If a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective assistance claim must itself be presented to the state courts as an independent claim before it may be used to establish cause. *Murray v. Carrier*, 477 U.S. 478, 488–489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). If the ineffective assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally de-

faulted and can only be used as cause for the underlying defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. *Edwards v. Carpenter*, 529 U.S. 446, 452, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

14. The Sixth Circuit's unpublished decision in *Paris* does not directly contradict this Court's conclusion because in *Paris* the Sixth Circuit was addressing cause in the context of a Rule 26(B) application, a proceeding during which defendants have a constitutional right to effective assistance of counsel. *See White*, 201 F.3d at 752–53.

L.Ed.2d 808 (1995). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). To be credible, such a claim requires the petitioner to support his allegations of constitutional error with new and reliable evidence that was not presented at trial. *Schlup,* 513 U.S. at 324, 115 S.Ct. 851; *see also Gulertekin v. Tinnelman–Cooper,* 340 F.3d 415, 427 (6th Cir. 2003). Absent new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851.

■ While Mr. Smith asserts that the failure to consider his grounds for relief will result in a fundamental miscarriage of justice, he does not specifically frame his arguments in terms of actual innocence. In his habeas petition, Mr. Smith admits that he was involved in an attempt to rob a bank and does not contest the factual predicates for his convictions on four of five counts. While he argues that the evidence was legally insufficient to support his conviction for engaging in a pattern of corrupt activity, he introduces no new evidence to suggest that he was actually innocent of that, or any other, crime. Because Mr. Smith has not presented "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial," so as to amount to a fundamental miscarriage of justice, *Lott v. Coyle,* 261 F.3d 594 (6th Cir.2001) (*quoting Schlup,* 513 U.S. at 316, 115 S.Ct. 851), the Court will not excuse his procedural default on that basis.

c. *Third Ground for Relief*

■ In his third ground for relief, Mr. Smith asserts that the Ohio Court of Appeals erred in denying his delayed Rule 26(B) application. (Docket # 1, at 6, and # 25, at 12). The State contends that he procedurally defaulted this ground because the Ohio Court of Appeals dismissed his application on the basis that he failed to establish "good cause" for its untimeliness. Rule 26(B)(1) provides that applications to reopen an appeal based on a claim of ineffective assistance of counsel must be filed within 90 days of the appellate decision "unless the applicant shows good cause for filing at a later time." Ohio App. R. 26(B)(1). In dismissing Mr. Smith's application to reopen, the Ohio Court of Appeals clearly enforced this procedural bar:

> Here, the appellate judgment issued on June 28, 2000, well outside the ninety day limit. Smith attempts to demonstrate good cause for his belated filing by offering two unsworn contentions: (1) that he did not know of that the [sic] judgment issued until August 11, 2000; and (2) that he did not know the law because his federal prison lacks the appropriate legal materials.
>
> Assuming without deciding that Smith only learned of the judgment on August 11, 2000, he would still be well outside the ninety day limit. Smith's second claim is that he was essentially ignorant of the law. It is well settled that ignorance of the law does not suffice to demonstrate good cause for a belated filing. Moreover, an inmate's limited access to research materials fails to demonstrate good cause. Accordingly, this Court finds that Smith has failed to set forth good cause for his belated filing.

(Record at 0198). As of June 1998, the Sixth Circuit definitively held that the application of the "good cause" requirement to deny an untimely Rule 26(B) application operates as an adequate and independent state procedural ground to foreclose federal habeas review of an ineffective assis-

tance of appellate counsel claim. *Monzo*, 281 F.3d at 578.[15] Accordingly, any ineffective assistance of appellate counsel claims asserted by Mr. Smith in his habeas petition would be procedurally defaulted.

Mr. Smith's petition and traverse make evident, however, that his third ground of relief is not an ineffective assistance of appellate counsel claim but rather a claim that the Court of Appeals erred in applying the "good cause" requirement under Ohio law. As this ground is based on the Ohio court's application of state law rather than a federal ineffective assistance of counsel claim, the Court considers below whether such a claim is cognizable.

### 3. Failure to State a Cognizable Habeas Claim

■■■■■ Federal habeas relief is not available for errors of state law as "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Accordingly, alleged errors involving a state court's interpretation of its own procedural rules are not cognizable in federal habeas corpus review. *Simpson v. Jones*, 238 F.3d 399, 406–07 (6th Cir.2000); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). As the Sixth Circuit explained, in *Oviedo v. Jago*:

> Whether or not the [state court] complied with the procedural requirements of [state] law is not a matter for this

court to decide on a petition for habeas corpus relief. The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure. 809 F.2d 326, 328 (6th Cir.1987); *see also Johns v. The Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir.1985).

■■■ In both his third and fourth grounds for relief, Mr. Smith asks this court to review decisions made by Ohio appellate courts based on Ohio law. In his third ground, Mr. Smith argues that the "Appellate Court Erred in the Denial of Petitioner's Motion for Delayed Application to Reopen Pursuant to App. 26(B)." (Docket # 1, at 6). Such a claim lies beyond the scope of federal habeas review as it involves the application of a state procedural rule. Mr. Smith's fourth ground of relief, arguing that the Ohio Supreme Court's denial of leave to file a delayed appeal was "a clear and concise abuse," likewise involves the application of a state procedural rule which is not cognizable in federal habeas review.

■■■ Because Mr. Smith's third and fourth grounds for relief fail to state cognizable federal habeas claims, they will be dismissed.[16]

### C. Merits

Because Mr. Smith's claims are either procedurally defaulted or not cognizable as

---

**15.** Prior to *Monzo*, the Sixth Circuit had held, in certain cases, that the denial of a Rule 26(B) application as untimely could not serve as adequate procedural rule because it was not firmly established and regularly applied at the time of the petitioner's direct appeal. *Henderson v. Collins*, 262 F.3d 615, 634–35 (6th Cir.2001) (direct appeal was decided in 1986); *Buell v. Mitchell*, 274 F.3d 337, 349–50 (6th Cir.2001) (direct appeal was decided in 1985). Given that Mr. Smith's direct appeal was decided in 2000, *Monzo*, rather than

*Henderson* and *Buell*, provides the applicable rule regarding procedural default.

**16.** While a violation of state law may be cognizable in federal habeas corpus actions if such error amounts to a fundamental miscarriage of justice or a violation of the right to due process guaranteed by the United States Constitution, *see Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir.1998); *Matlock v. Rose*, 731 F.2d 1236, 1242 (6th Cir.1984), neither of the alleged errors of state law, in this case, rise to that level.

federal habeas claims, this Court need not address the merits of his petition. Likewise, the Court need not address Mr. Smith's recently filed "motion to amend pleading of merits argument B under F.R.Civ.P. Rule 15(a)" (Docket # 37), as he merely seeks to augment his arguments related to his procedurally defaulted second ground for relief.

### III. *Conclusion*

For the foregoing reasons, Scott Smith's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is dismissed.

IT IS SO ORDERED.