OPINION
{¶ 1} Appellant Charles M. Judd appeals his conviction and sentence entered following a trial by jury in the Delaware Court of Common Pleas on one count of breaking and entering, in violation of R.C. § 2911.13(B), one count of possession of criminal tools, in violation of R.C. § 2923.24, and one count of unauthorized use of a motor vehicle, in violation of R.C. § 2913.03.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On September 29, 2002, Appellant and one Timmy Browning entered Blendon Gardens nursery, located in Delaware County, without permission and stole a truck, trailer and skid loader. Said equipment was ultimately located in Franklin County by the Columbus Police Department.
{¶ 4} As a result, Appellant was charged with theft in Franklin County and pled guilty to one count of receiving stolen property for the three pieces of equipment.
{¶ 5} Charges were also brought against Appellant in Delaware County. Appellant was charged in Delaware County with breaking and entering, three counts of theft, possession of criminal tools and unauthorized use of a motor vehicle.
{¶ 6} Appellant filed a Motion to Dismiss, arguing that the offenses were allied offenses of similar import. The trial court denied said motion. The State did, however, dismiss the three counts of theft as a result of Appellant's plea of guilty entered in Franklin County.
{¶ 7} On January 15, 2004, a jury trial commenced in this matter, concluding on January 16, 2004 and resulting in a finding of guilty as charged.
{¶ 8} On June 22, 2004, the trial court conducted a sentencing hearing, wherein Appellant was sentenced to two years incarceration.
{¶ 9} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 10} "I. The jury erred when there was insufficient evidence under Ohio Revised Code Section 2911.13(B)" breaking and entering' to find appellant guilty of breaking and entering and further erred when they misconscrued [sic] the above statute which requires a felony offense verdict or another crime, other that [sic] criminal tools.
{¶ 11} "II. The finding of guilty to breaking and entering is against the manifest weight of the evidence.
{¶ 12} "III. Double Jeopardy: state may not either by design or inadvertence "separate charges originating in one course of criminal conduct" and pursue them separately in courts of more than one county even though venue could be laid in any one of the counties.
{¶ 13} "IV. The trial court erred in not granting appellants [sic] motion to dismiss on the basis of allied offenses of similar import.
{¶ 14} "V. The trial judge erred in finding appellant guilty of criminal tools when appellant had no criminal tools or no criminal tools were found.
{¶ 15} "VI. The finding of guilty to criminal tools is against the manifest weight of the evidence."
 SUPPLEMENTAL (PRO-SE) ASSIGNMENTS OF ERROR
{¶ 16} "I. Trial counsel's failure to [sic] motion to dismiss under O.R.C. 2923.01(F) caused appellant's due protection against double jeopardy to be violated, which constitutes ineffective asistance [sic] of trial counsel."
{¶ 17} "II. Appellant would suggest that the jury instruction's was misleading and would have the jury think that they could find defendant guilty of possession of criminal tool's [sic] and not on the lesser included offense of `aided and abetted' another in possession of criminal tool's [sic]. In addition, should have amended the indictment as the same (aider and abetter [sic]) so the jury was not mislead [sic] in any way. See, Smith-vs-Ohio, Dept. of Rehabilitation and Corr. 331 F. Supp.2d 605
(N.D. Ohio 2004).
{¶ 18} "III. Co-defendants testimony was abuse of discresion [sic] by the trial court after letting his testimony to the jury Than [sic] the trial court let him lie on the stand and let det. Woolum lie on the jury stand without declearing [sic] a mistrial as the duty of the trial judge requires in addition, after learing [sic] that Mr. Browning lie [sic] in police report saying my girlfriend got pulled over by a highway trooper and later was found to be a lie.; tr. 109, 1001 (detective woolum's lie on the stand), Tr. 76. (2)(7)(8)(9). Co-defendants [sic] lie's [sic] on the jury stand."
 I., II.
{¶ 19} In his first assignment of error, Appellant argues that his conviction for breaking and entering was based on insufficient evidence and was against the manifest weight of the evidence. We disagree.
{¶ 20} Sufficiency of the evidence refers to the legal standard the trial court applies in determining whether the State has presented sufficient evidence on each element of the crime charged to submit the matter to the jury. The court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. Sufficiency of the evidence is evidence which, if believed would convince the average mind. Thompkins at 386, 678 N.E.2d 541, citations deleted. Once a trial court has determined that the evidence is sufficient, it submits the matter to the jury, which acts as the trier of fact.
{¶ 21} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins, supra. at 387, 678 N.E.2d 541,citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
{¶ 22} As is stated above, appellant was convicted of breaking and entering in violation of R.C. 2911.13(B). R.C. 2911.13(B) states, in relevant part, as follows:
{¶ 23} "(B) No person shall trespass on the land or premises of another, with purpose to commit a felony."
{¶ 24} Upon our review of the record we find that viewing the evidence in a light most favorable to the prosecution any rational trier of fact could have found that appellant, trespassed on the land of another with the purpose of committing a felony.
{¶ 25} Sufficient testimony was adduced that appellant entered the nursery without permission and with the intent to steal a skid loader, and did in fact steal the skid loader as well as a truck and a trailer. The State presented the testimony of Andy Coffee, an employee of Blendon Gardens, who testified that a landscaping truck, trailer and skid loader were stolen sometime during the night of September 29, 2002, and that said equipment was later recovered by the Columbus Police. (T. at 19, 20). The State also presented the testimony of Timmy Browning who admitted to stealing said equipment with Appellant and stated that they broke the locks on the truck by using a screwdriver. (T. at 73-80). He further admitted that neither he nor appellant had permission to be on the nursery property or to remove the equipment. (T. at 75).
{¶ 26} Additionally, the State presented the testimony of Det. Todd Woolum of the Delaware County Sheriff's Office, who testified that he interviewed Appellant in regard to the theft at Blendon Gardens, that Defendant admitted to the crimes and signed a written confession acknowledging his guilt. (T. at 63, 97).
{¶ 27} We find that appellant's conviction was not against the manifest weight of the evidence. The jury, as trier of fact, was is in the best position to observe the demeanor of the witnesses and to weigh their credibility.
{¶ 28} In short, we find that appellant's conviction for breaking and entering was not against the manifest weight or the sufficiency of the evidence.
{¶ 29} Appellant's first and second assignments of error are overruled.
 III., IV.
{¶ 30} In his third and fourth assignments of error, Appellant argues that trial court erred in not finding that breaking and entering and receiving stolen property are allied offenses of similar import. We disagree.
{¶ 31} Appellant argues that he was subjected to double jeopardy by being charged and convicted of breaking and entering in Delaware County because he had already been charged and pled guilty to receiving stolen property in Franklin County.
{¶ 32} R.C. 2941.25(A) governs multiple counts and states as follows:
{¶ 33} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
{¶ 34} In Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus, the Supreme Court of Ohio set forth a two-tiered test to determine whether two or more crimes are allied offenses of similar import:
{¶ 35} "Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (State v. Blankenship
[1988], 38 Ohio St.3d 116, 177, 526 N.E.2d 816, 817, approved and followed.)"
{¶ 36} The elements of the criminal offense of receiving stolen property, as stated in R.C. 2913.51(A), are "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
{¶ 37} As stated previously, the elements of breaking and entering as stated in R.C. 2911.13(B) are "[n]o person shall trespass on the land or premises of another, with purpose to commit a felony."
{¶ 38} Upon review, we find that the evidence allows the conclusion that the breaking and entering was accomplished at the time of entry and that a new and different crime took place when the theft within the nursery was committed. Such conclusion is consistent with the rationale of Boyer v. Maxwell, (1963) 175 Ohio St. 318, and State v. Frazier,
(1979) 58 Ohio St. 2d 253.
{¶ 39} These two offenses have elements which do not correspond to such a degree that the commission of one offense will result in the commission of the other. Breaking and entering and receiving stolen property are separate crimes; one can be committed without committing the other. We find this argument to be without merit.
{¶ 40} Appellant's third and fourth assignments of error are overruled,
 V., VI.
{¶ 41} In his fifth and sixth assignments of error, Appellant argues that his conviction for possession of criminal tools is against the manifest weight and sufficiency evidence.
{¶ 42} Appellant argues that this charge is unsupported because no tool was ever recovered or entered into evidence.
{¶ 43} We will not repeat the standards of review for these assignments as same are set forth above.
{¶ 44} The elements of the criminal offense of possessing criminal tools, as stated in R.C. 2923.24(A), are "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
{¶ 45} As stated above, Appellant's accomplice Timmy Browning testified that he and Appellant used a screwdriver to break into the truck which they then stole. (T. at 80). He further testified that such screwdriver was then taken home and was ultimately "lost in the shuffle". (T. at 84).
{¶ 46} There was also the testimony of Blendon Gardens' employee Andy Coffee who corroborated Browning's testimony, stating that when the truck was returned to the nursery, the door lock was damaged in a manner consistent with Browning's account. (T. at 22).
{¶ 47} Based on the above, we find that appellant's conviction for possession of criminal tools was not against the manifest weight or the sufficiency of the evidence.
{¶ 48} Appellant's fifth and sixth assignments of error are overruled.
 Supplemental Assignments of Error I.
{¶ 49} In his first supplemental assignment of error, Appellant argues that his trial counsel was ineffective for failing to raise the appropriate double jeopardy arguments. We disagree.
{¶ 50} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136. { ¶ 51} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
{¶ 52} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
{¶ 53} Having found in our review of the above assignments of error that breaking and entering and receiving stolen property are not allied offenses of similar import and that Appellant was not subjected to double jeopardy by being charged and convicted of both crimes, we find that Appellant's counsel was not ineffective in failing to raise such argument.
{¶ 54} Appellant's first supplemental assignment of error is overruled.
 II.
{¶ 55} In his second supplemental assignment of error, Appellant argues that the jury was not properly instructed. We disagree.
{¶ 56} No transcript of the jury instructions was included in the record on appeal. We therefore presume the regularity of the trial court's actions in this regard. Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 409, 629 N.E.2d 500; Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.
{¶ 57} Appellant's second supplemental assignment of error is overruled.
 III.
{¶ 58} In his third supplemental assignment of error, Appellant argues that the trial court erred in allowing Timmy Browning testimony to go to the jury. We disagree.
{¶ 59} Appellant argues that the testimony of Timmy Browning and Trooper Woolum was not credible.
{¶ 60} As stated above, we find that appellant's convictions are not against the manifest weight of the evidence. The jury was in the best position to weigh the evidence and to judge the credibility of the witnesses, and we find that it did not lose its way in finding appellant guilty.
{¶ 61} Appellant's third supplemental assignment of error is overruled.
{¶ 62} Accordingly, the judgment of the Delaware County Common Pleas Court is affirmed.
Boggins, P.J., Gwin, J. concurs.
Hoffman, J. dissents.